IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JORDAN ISAAC EMERSON**, an individual,<br><br>           Plaintiff,<br><br>      v.<br><br>**FEDERAL BUREAU OF INVESTIGATION**,<br><br>           Defendant. | Case No. 3:24-cv-00345-YY<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS WITH CLARIFICATION** |

Jordan Isaac Emerson. Portland, OR. Pro se.

Sarah Feldman, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorney for Defendant.

**IMMERGUT, District Judge.**

　　　Plaintiff Jordan Isaac Emerson, proceeding pro se, brings claims under the Freedom of Information Act ("FOIA"), the Patriot Act, the Fourth and Sixth Amendments, a religious discrimination claim, and a tort claim for intentional infliction of emotional distress, based on the alleged "constant surveillance" of his electronics, and denials of his FOIA requests, and Defendant "sabotaging" him on social media and video game platforms. Complaint, ECF 1 at 4.

Defendant moves to dismiss all claims under Rule 12(b)(1) for lack of subject matter jurisdiction. Motion to Dismiss, ECF 12 at 1.

Magistrate Judge You issued her Findings and Recommendations ("F&R") recommending that this Court grant Defendant's motion, dismiss Plaintiff's complaint without leave to amend, and dismiss the case without prejudice, ECF 21. Plaintiff filed objections, ECF 25, and Defendant responded, ECF 27. After de novo review of the F&R, objections, and response, this Court adopts the F&R subject to the below clarification.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

Judge You found that this Court lacks subject matter jurisdiction over all of Plaintiff's claims. F&R, ECF 21 at 2–7. This Court agrees with Judge You's analysis as to the religious discrimination claim, tort claim, and claims under the Patriot Act, the Fourth and Sixth Amendments, and adopts these portions of the F&R in full. This Court further agrees with Judge You that Plaintiff's FOIA claim must be dismissed for failure to exhaust his administrative remedies, *id.* at 2–5, but writes separately to clarify the basis for dismissal of this claim.

Judge You concluded that this Court lacks subject matter jurisdiction over Plaintiff's FOIA claim because he failed to allege that he exhausted his administrative remedies before bringing a lawsuit. *Id.* at 2, 5. The Ninth Circuit has held, however, that the FOIA exhaustion requirement is prudential rather than jurisdictional. *Aguirre v. U. S. Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021); *Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1028 (9th Cir. 2024). Dismissal under Rule 12(b)(1) for lack of jurisdiction is therefore procedurally incorrect, and Defendant's motion is denied in this regard.

This Court finds that dismissal for failure to state a claim is warranted.[1] Defendant requests that, if "dismissal under Fed R. Civ. P. 12(b)(1) is inappropriate because the FOIA's exhaustion requirement is prudential rather than jurisdictional, the Court should dismiss Plaintiff's FOIA claim for the reasons stated in the F&R under Fed. R. Civ. P. 12(b)(6)." Response, ECF 27 at 4 n.2. Courts may dismiss a claim sua sponte under Rule 12(b)(6) and may do so without notice where the plaintiff "cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Plaintiff cannot possibly win relief here as he has failed to allege facts showing exhaustion of his administrative remedies. Further, Defendant's motion "provided adequate notice and an opportunity to litigate this issue." *Id.* This Court agrees with Judge You that leave to amend is not warranted and adopts this portion of the F&R in full.

## CONCLUSION

Defendant's Motion to Dismiss, ECF 12, is GRANTED, but Plaintiff's FOIA claim is DISMISSED sua sponte for failure to state a claim. Plaintiff's complaint is DISMISSED without leave to amend, and this case is DISMISSED.

---

[1] While courts can waive the FOIA exhaustion requirement "when, for example, further administrative proceedings would prove futile," *Aguirre*, 11 F.4th at 725, Plaintiff has not alleged facts to demonstrate futility or any other circumstances justifying waiver.

PAGE 3 – ORDER ADOPTING F&R WITH CLARIFICATION

**IT IS SO ORDERED**.

DATED this 18th day of March, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge